UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORENZO FOSSELMAN JR.,

        Plaintiff,

    v.

RANDOLPH GIBBS, M.D.; ALLISON BRAGER; C. KATES, LVN; CHARLES DUDLEY LEE, M.D., Health Care Manager; and C. MATHEWS, MTA,

        Defendants.

No. C 06-0375 PJH (PR)

**ORDER RULING ON PENDING MOTIONS**

This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that the defendants, despite being alerted to his serious need for surgery for an inguinal hernia, and agreeing that he needed the surgery, delayed it from September of 2003 to August of 2004. He asserts that as a result he suffered severe pain daily until the surgery was done. The defendants who have been served, Lee, Kates, and Brager, who hereafter will be referred to as "defendants," have moved for summary judgment. Plaintiff has opposed the motion and filed several other motions, which will be addressed first below.

**DISCUSSION**

**A.  Plaintiff's Motion to Compel**

Plaintiff has moved to compel more complete answers to his interrogatories and to compel responses to his requests for production, which he says were ignored. Although defendants have opposed the motion to compel, they do not mention the requests for production, so have not disputed their failure to answer. The motion to compel will be granted as to the production of documents.

Plaintiff's motion for an extension of time to reply to the opposition to his motion to

compel will be granted and the reply treated as timely.

In his motion to compel plaintiff contends that in response to his interrogatories defendants made "unfounded objections" and gave "evasive incomplete" answers. Pl. Mot. Compel at 1. The court will review the contested interrogatory answers below. In conducting this review, the following general propositions will be applied.

The federal rules allow liberal discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The party resisting discovery has the burden of establishing lack of relevance or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). A recitation that the discovery request is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Oleson*, 175 F.R.D. at 565. The party resisting discovery must instead "'show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" *Josephs*, 677 F.2d at 992 (quoting *Roesberg v. Johns-Manville* Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)).

**1.     Brager Interrogatory One**

As to defendant Brager, plaintiff moves to compel additional or revised answers to interrogatories one and two, out of four. In the first interrogatory plaintiff asked her to identify the positions she held at the prison and the associated duties for each position "between July 03 and January 05." The response was: "Objection. Overbroad as to time. Additional objection. Not relevant and not likely to lead to discoverable admissible evidence. *Oppenheimer Fun, Inc. v. Sanders*, 437 U.S. 340, 351-352 (1978) F.R.C.P. 26(b)[.]"

In her opposition to the motion to compel Brager has reprinted the interrogatories and the answers, and after some of the answers added material in parentheses and italics. It appears that these interpolations are intended to be argument as to the adequacy of those answers, although that is not explicitly stated. As to interrogatory one to Brager, the italicized explanation is: "Defendant Brager is not a trained medical personnel [sic] and would have no authority to grant or deny any treatment requested by plaintiff. Her

1  personnel record is not relevant and unlikely to lead to admissible evidence.  Furthermore,
2  Defendant Brager's personnel records are protected from disclosure pursuant to the Official
3  Information Privilege.  Currently, Allison Brager is a medical appeals analyst."
4  Brager's objection that the question is overbroad as to time is without merit.  The time
5  period specified covers the time from the onset of plaintiff's hernia in July of 2003 until a
6  date about five months after the surgery.  In the very case cited by Brager in her answer,
7  *Oppenheimer Fund, Inc. v. Sanders*, the Court said: "The key phrase in this definition --
8  "relevant to the subject matter involved in the pending action" -- has been construed
9  broadly to encompass any matter that bears on, or that reasonably could lead to other
10 matter that could bear on, any issue that is or may be in the case. *See Hickman v. Taylor*,
11 329 U.S. 495, 501 (1947).  [Footnote omitted]  Consistently with the notice-pleading system
12 established by the Rules, discovery is not limited to issues raised by the pleadings, for
13 discovery itself is designed to help define and clarify the issues.  *Id.*, at 500-501.  Nor is
14 discovery limited to the merits of a case, for a variety of fact-oriented issues may arise
15 during litigation that are not related to the merits." *Oppenheimer Fund,* 437 U.S. at 351.
16 Certainly under this generous standard the relevant time period for a claim involving failure
17 to provide timely surgery includes a reasonable period after surgery when the effects of the
18 delay might be felt.  Although this objection is without merit, it is not frivolous, as it goes
19 further than merely saying "overbroad" and because the time period identified in the
20 question does extend to a time after the surgery occurred.
21        The same cannot be said of the second objection, however.  Brager contends that
22 the information asked for is not relevant nor likely to lead to admissible evidence, but
23 Brager's positions and job responsibilities in the period when plaintiff was not receiving care
24 most certainly is relevant.  This objection is frivolous.
25        The material contained in the parentheses in Brager's opposition to the motion to
26 compel is puzzling.  If it is intended as an explanation of the relevance objection, it should
27 have been included in the answer; in any event, the contention that she has no authority to
28 grant or deny medical treatment is insufficient to justify the objection because (1) a bare

3

assertion is insufficient to prove the point; (2) it would seem likely that a person who grants or denies medical grievances could cause medical care to be given, or at least influence whether it is given; and (3) whether she is "a trained medical personnel" has no bearing on whether she could cause medical care which had been ordered by a doctor to actually be given.  The comments having to do with personnel records are also not to the point, because the question does not call for personnel records.  And finally, the statement that she is now a medical appeals analyst  -- given only in the opposition, remember -- is irrelevant, because the question calls for job titles and descriptions at the time of the events giving rise to the case, not at present.

### 2.     Brager Interrogatory Two

In interrogatory two plaintiff asks Brager to "describe how you first became aware of plaintiff's hernia condition.  (a) Please identify the names and titles of all person present at these meetings or discussions.  (b) Please identify the dates, names, titles and locations of all documents that were submitted to you[] concerning plaintiff's need for surgical treatment."  In response, Brager said: "Objection.  Unintelligible as the meaning of the question.  Responding party was not personally aware of any patient's condition.  Further objection. Burdensome and harassing.  Responding party reviews many medical appeals and inmate medical records, and the relevant ones are enumerated in the response to the appeal with is provided to the inmate.  Without waiving the objections, responding party answers that plaintiff's medical grievance appeal and a copy of plaintiff's medical record speak for themselves."  In the parenthetical opposition to the motion to compel, plaintiff states:  "*(Plaintiff seeks privileged information in his interrogatory and his second interrogatory was compound and vague as to what information he is seeking.)*"

The argument in the opposition to the motion to compel, quoted above in italics, presents new objections that should have been contained in the answer, if Brager wished to rely on them.  As to the substance of the opposition, the question is multi-part, but not for that reason unanswerable.  If an issue as to the number of interrogatories arises, it will be counted as three; but at the moment, only an ostensible four interrogatories have been

1 asked of Brager, or six counting the subparts of interrogatory two, so that is not an issue.
2 The contention that the question is vague may have some merit as to subpart a, as
3 discussed below.

4 The objection that the question is unintelligible is without merit as to the first
5 sentence and subpart b.  It does have merit as to subpart a, which refers to "these
6 meetings or discussions," apparently assuming that the answer to the first sentence would
7 be that Brager learned of plaintiff's hernia condition in a meeting or discussion.

8 The sentence in the answer "[r]esponding party was not personally aware of any
9 patient's condition" does not seem to explain the objection that the question is unintelligible.
10 On the other hand, if it is intended as an answer to the first sentence of the interrogatory,
11 where Brager is asked when she first "became aware of plaintiff's hernia condition," than it
12 does constitute an answer, though it seems surprising that Brager should be contending
13 that she was not personally aware of plaintiff's condition, since she answered his
14 administrative appeal alerting her to it.[1]  Given this lack of clarity, the motion to compel will
15 be granted as to the first sentence of the interrogatory.

16 The objection "burdensome and harassing" is not adequately explained and seems
17 unlikely, given that relatively discrete events are involved.  The sentence following the
18 "burdensome and harassing" objection, which may or may not be intended to explain it, is
19 "[r]esponding party reviews many medical appeals and inmate medical records, and the
20 relevant ones are enumerated in the response to the appeal with is provided to the inmate."
21 That Brager reviews many medical appeals is irrelevant to the question and to whether the
22 question is burdensome, and the statement about the relevant records being enumerated
23 to inmates with the response to the grievance says nothing about what was done with
24 respect to plaintiff.  Furthermore, Brager's statement that "relevant" documents "are
25 enumerated" does not answer the question, which was what documents were "submitted"

---

[1] *See Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (that prisoner-plaintiff wrote to prison administrators asking for help with a medical problem is sufficient to generate a genuine issue of material fact as to whether the administrators were deliberately indifferent in failing to act).

to Brager.

Finally, the answer given subject to objection, "responding party answers that plaintiff's medical grievance appeal and a copy of plaintiff's medical record speak for themselves" does not answer the questions and is unintelligible in this context.

For these reasons, the motion to compel will be granted as to the first sentence of this interrogatory and subpart b. It will be denied as to subpart a.

### 3. Kates Interrogatory One

In interrogatory one directed to nurse Kates, plaintiff asked for her job description and "any and all" other positions she held "during the times relevant to plaintiff's contentions." Katkes' response was "[o]bjection. Overbroad as to time. Additional objection. Not likely to lead to discoverable evidence. Without waiving the objection, my job description with response to inmate appeals was to complete research of issues related to the appeal." Kates does not comment on this answer in her opposition.

The overbreadth objection is without merit for the reasons discussed above, and the contention that the answers would not be likely to lead to discoverable evidence is frivolous because her job descriptions and positions held self-evidently are likely to lead to admissible evidence. The motion to compel will be granted as to this interrogatory.

### 4. Kates Interrogatory Two

The second interrogatory directed to Kates is the same as the second directed to Brager. The answer, however, is different. In response, Kates says: "Objection[.] The information requested is equally available to all parties. Without waiving the objection, responding party reviewed plaintiff's grievance so long ago that she has no actual recollection of the information requested, but it would have included the grievance written by plaintiff and plaintiff's medical record, which plaintiff himself has copies of. Further, the interrogatory is compound and assumes facts not in evidence (e.g. meetings and/or discussions actually happened)[.]"

The objection appears to be factually frivolous -- how could a prisoner be equally aware of when the nurse became aware of his medical need, and how could he have equal

access to the knowledge of what documents were submitted to her with regard to his need for treatment? And in any case the objection that information is equally available to the questioner is not a proper objection. *See St. Paul Reinsurance Co. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (citing *City Consumer Services v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983); *Associated Wholesale Grocers, Inc. v. United States*, 1989 WL 110300 *3 (D. Kan. June 7, 1989)).

The answer supplied subject to objection also is not sufficient. If Kates has no recollection of when she learned of plaintiff's need nor of what documents were submitted to her, she may give that as the answer, but only after attempting to discover the answers and with an explanation of what she did to try to provide an answer. *See Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo.1972) (if person answering interrogatory cannot furnish the information and details required, he or she must so state under oath and should set forth in detail the efforts made to obtain the information).

The motion to compel will be granted as to this interrogatory. Because part a of the question has the same defect as part a of the same interrogatory addressed to Brager, Kates need not attempt to answer it.

**5.  Kates Interrogatories Four and Five**

This is interrogatory five: "Please describe what is the California Department of Corrections and Rehabilitation[] (CDCR)'s established policy concerning prisoners with serious medical needs that require surgery who are transferred out to court, before treatment has been undergone." Interrogatory four is the same but without "before treatment as been undergone." The difference between the questions is unclear; while it might seem that interrogatory four is directed to those who have had surgery and five to those who have not yet had it, the words "that require surgery" seem to be forward-looking; that is, the most logical interpretation of both questions is that they apply to prisoners with serious medical needs that require surgery which they have not yet had. In any case, Kates does not object to the form of the questions, and for purposes of this ruling they will be treated as being the same.

In her answer to interrogatory four, Kates says: "Objection. The question seeks information not within the knowledge of this responding party. Additional objection in that Department policy would not cover patients who are not under the control of the Department when they are out to court." As noted above, the objection is without merit in the absence of an explanation of efforts made to determine the answer. This is particularly true in this case, given that Kates is a nurse and deals with medical appeals, so should be in a position to find out what the policy is, if there is one. The "additional objection" is not an objection at all and is irrelevant, given that the Department might have a policy as to the proper procedure for dealing with prisoners who are in need of surgery but who are scheduled to be away from the institution.

In her answer to interrogatory five, Kates says: "Objection. The question is one for an expert witness, which responding party is not. The institution has a policy and practice of scheduling surgery which [is] routine, urgent or emergen[cy], as determined by a licenced physician who has examined the patient."

As to the objection, for one thing Kates is a LVN, so she certainly is an expert as to some things; for another, the question calls for whether there is a policy and what it is, not something which requires expert opinion. And the answer, about the classifications of urgency, is not responsive to the question.

The motion to compel will be granted as to these interrogatories.

**6.    Kates Interrogatory Six**

Interrogatory six reads: "In your opinion, in as much detail as possible, why was there an inordinate delay in plaintiff receiving surgical treatment, after staff surgeon's recommendation[]?"

In response, Kates said: "Objection. Responding party has no direct knowledge concerning movement of prisoners, or knowledge of the availability of appointments with outside surgical consultants. [¶] Defendant Kates is an LVN whose job is to review the medical issues raised in an inmate's appeal. She has no operational duties, such as delivery of medical assistance, scheduling of services or movement of inmate patients and

8

1 would therefore have no basis for an opinion based on these issues."

2 The objection is not proper. It is evasive with the use of "direct," and it does not say
3 whether Kates has an opinion and, if so, what it is. *See* Fed. R.Civ.P. 33 (a)(2)
4 (interrogatory not objectionable merely because it asks for an opinion or contention that
5 relates to fact or the application of law to fact). To the extent it is an answer rather than an
6 objection, it is not responsive to the question. Given the reference to a problem with a
7 contract with the local hospital in another interrogatory answer, it seems possible that Kates
8 might have an opinion based on information learned from others.

9 The second paragraph also does not answer the question, first because the lack of
10 "operational duties" would not necessarily mean she would have no basis for an opinion,
11 which after all might be based on second-hand information, and second because it does
12 not actually say that she has no such opinion.

13 The motion to compel will be granted as to this interrogatory.

14 **7.     Lee Interrogatory One**

15 Plaintiff's interrogatories addressed to defendant Lee state in the instructions that
16 they "relate to the times and dates in the complaint of this lawsuit, from July '03 until
17 January '05." In response to interrogatory one, which asked for the names of the members
18 of the Medical Authorization Review Committee "during all times relevant to plaintiff's
19 contentions," Lee has answered "Objection. Overbroad as to time. Additional objection.
20 Not likely to lead to the discovery of admissible evidence because the diagnostic procedure
21 for plaintiff's symptoms was approved by every committee which reviewed the physician's
22 request for services."

23 Given that plaintiff's claim is that surgery was delayed from September of 2003 to
24 roughly August 31 of 2004, roughly the period about which plaintiff inquires, the "overbroad
25 as to time" objection is frivolous. The second objection, that a "diagnostic procedure" was
26 approved, is nonsensical because plaintiff's claim goes not to diagnosis but to the delay in
27 surgery. And knowing who was on the committees which approved the diagnosis is
28 reasonably calculated to lead to admissible evidence, as those people might be able to

testify to the need for surgery and might know what happened to delay surgery.

In his opposition Lee adds this parenthetical: "*(There were several committee reviews at different facilities over a period of two years. Records are not keep [sic] regarding the committee reviews themselves. The results of the committee reviews are keep [sic] in the inmate's record).*" These facts were not presented in the answer to the interrogatory and are not responsive to the question, and thus are irrelevant.

The motion to compel will be granted as to Lee interrogatory one.

### 8.     Lee Interrogatory Two

In his response to the second interrogatory, which asked for the names of the members of the Health Care Review committee (the first interrogatory was about the Medical Authorization Review Committee), Lee again raises his contention that the information requested is not likely to lead to admissible evidence because the committees approved "the diagnostic procedure," although he inexplicably does not assert the overbreath objection posed to the first interrogatory. For the reasons set out above, the objection he does raise is frivolous.

### 9.     Lee Interrogatory Four

Plaintiff does not move to compel a further answer to interrogatory three.

In interrogatory four, plaintiff asked Lee to describe his "health care responsibilities, and limitations, once you became aware of plaintiff's need for surgical treatment." The response is: "Objection. The information requested is equally available to all parties in the Second Level Response. I was informed that plaintiff had undergone surgical repair of an inguinal hernia on August 31, 2004." The answer regarding the date Lee was informed of the surgery is not responsive to the question, which clearly did not call for a date.

In his opposition Lee says: "*(The Second Level Response was given to plaintiff on October 14, 2004. On page two of that report it cites CCR 3354 Health Care Responsibilities and Limitations. Plaintiff attached a copy of this response to his First Amended Complaint)[.]*" This, if Lee had also stated that the regulation constitutes the extent of his responsibilities and limitations, would have constituted an answer. It does not

10

constitute reason to deny the motion to compel however; that is, as argument in opposition to a challenge to the sufficiency of the answer it is irrelevant. The motion to compel will be granted as to interrogatory four.

### 10. Lee Interrogatory Six

Plaintiff does not challenge the answer to interrogatory five.

In interrogatory number six petitioner asked Lee to "describe ... how many times and by how many different physicians, nurse, or medical staff, were you alerted that I needed surgery between July '03 and August 30th 2004?" In response, Lee wrote: "Objection. Not likely to lead to the discovery of admissible evidence. Plaintiff's surgery was approved as routine. The scheduling for outside medical services depends on whether it is routine, urgent, or an emergency, and upon the availability [of] custody staff for transport, and of the outside specialist for the procedure, none of which is under the control of medical staff at plaintiff's institution."

Obviously, how many times a defendant was told the prisoner required surgery is relevant in a claim of deliberate indifference to a serious medical need, and the factors Lee lists that affect availability of medical care would not necessarily immunize him from liability. *See Jett*, 439 F.3d at 1097 (failure to provide treatment because administrative reasons prevented a prisoner from being sent to a non-contracted facility would be a failure to provide treatment for non-medical reasons, which is sufficient to generate a genuine issue of material fact as to deliberate indifference on the part of the doctor for failing to treat the patient). For that reason, the information sought was reasonably calculated to lead to admissible evidence.

In the opposition to the motion to compel, Lee says: "*(If there is no contract with an outside hospital for a particular service, outside consultants refuse to accept inmate patients. For a period of a year and a half, Natividad Hospital near Salinas refused to accept any patients due to a contract dispute with the Department of Corrections. This resulted in delays for services from several institutions.)*" Even if this had been included in the answer to the interrogatory, it would have been unresponsive to the question, and as

opposition it provides no explanation as to why the answer that was given was satisfactory or the objection valid.

The motion to compel will be granted as to interrogatory six.

**B.     Defendants' Motion for Summary Judgment and Plaintiff's Motion for Denial or Continuance**

Defendants have moved for summary judgment and plaintiff, although he has opposed the motion, also has moved under Rule 56(f) of the Federal Rules of Civil Procedure for the motion to be denied or continued so he may complete discovery.  In view of the ruling granting the motion to compel, plaintiff's motion will be granted and he will be afforded time to complete discovery.

**C.     Plaintiff's Motion for Appointment of Counsel**

There is no constitutional right to counsel in a civil case.  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1).  This does not give the courts the power to make "coercive appointments of counsel."  *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff has done an exceptionally good job litigating this case so far.  He appears able to present his claims adequately, and the issues are not complex.  The motion for appointment of counsel will be denied.

**CONCLUSION**

1. Plaintiff's motion for an extension of time to reply to the motion to compel (document number 34) is **GRANTED** and the reply is deemed timely.

2. Plaintiff's motion to compel (document 28) is **GRANTED** in part and **DENIED** in part. It is granted as to:  Brager interrogatory one and the first sentence of Brager interrogatory two and subpart b of that interrogatory;  Kates interrogatories one, four, five, and six, and the first sentence and subsection b of Kates interrogatory two; and Lee interrogatories one, two, four and six.  It is also **GRANTED** as to plaintiff's request for production.  Defendants are **ORDERED** to provide proper responses, taking into account the defects identified above in the discussion of the present answers, and to respond to the request for production of documents, within thirty days of the date this order is entered.

3. Plaintiff's motions for appointment of counsel (document 44) and for sanctions (document 37) are **DENIED**.

4. Plaintiff's motion to withhold ruling on the motion for summary judgment (document 45) is **GRANTED**.  Plaintiff is granted until May 26, 2008, to complete discovery. He then may file a supplemental opposition to the motion to dismiss by June 23, 2008.  If defendants wish to reply to the supplemental opposition, they shall do so by a date fourteen days from the date the supplemental opposition is served upon them.  After the deadline for filing a supplemental reply has passed the court will rule on the motion for summary judgment without oral argument, unless otherwise ordered at a later date.

**IT IS SO ORDERED.**

Dated: March 18, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\FOSSELMAN375.DISCOVERY.wpd