United States District Court

For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7   LORENZO FOSSELMAN JR.,

8            Plaintiff,                    No. C 06-0375 PJH (PR)

9        v.                                **ORDER REGARDING
                                           DISCOVERY; DENIAL OF**
10  RANDOLPH GIBBS, M.D.; ALLISON          **MOTION FOR SUMMARY**
    BRAGER; C. KATES, LVN; CHARLES         **JUDGMENT; REQUEST TO**
11  DUDLEY LEE, M.D., Health Care          **MARSHAL; REFERRAL FOR**
    Manager; and C. MATHEWS, MTA,          **SETTLEMENT CONFERENCE**
12
             Defendants.
13  _____/

14          This is a civil rights case filed pro se by a state prisoner.  The defendants who have

15  been served, Lee, Kates, and Brager, who hereafter will be referred to as "defendants,"

16  filed a motion for summary judgment.  Plaintiff filed a motion to compel responses, or

17  further responses, to his discovery requests, and a motion that the court withhold ruling on

18  defendants' motion for summary judgment pending answers to discovery.  In a lengthy

19  order the court considered the defendants' responses to discovery requests, finding many

20  of them lacking.  Defendants were ordered to supplement the inadequate answers and

21  answer those to which improper objections had been made.  Plaintiff now has filed another

22  motion to compel and a motion to amend the complaint, and the motion for summary

23  judgment remains outstanding.

24  **I.      Motion to Compel**

25          In the court's previous discovery ruling defendants were ordered to correct a list of

26  deficiencies in their responses and to respond to plaintiff's request for production of

27  documents.  In his second motion to compel plaintiff contends that the answers provided in

28  response to the court's order are still unsatisfactory in some ways, and that the answers to

United States District Court

For the Northern District of California

1  his second set of interrogatories also are unsatisfactory.  He also says that defendants still

2  have not produced the documents requested.

3       In their opposition to the motion to compel defendants admit that some of their

4  answers were intended for a different case with a different plaintiff.  They provide what

5  appear to be intended answers to this plaintiff's requests in the opposition – that is, they try

6  to correct the error in the opposition itself.  The opposition is, of course, not signed under

7  penalty of perjury by the party answering the interrogatories, so the corrected answers in it

8  are not usable by plaintiff at trial or to oppose summary judgment.  In short, this is not the

9  proper way to correct interrogatory answers.  Counsel should have provided supplemented

10  and corrected answers.  Defendants also do not address their purported failure to produce

11  documents.

12       Plaintiff's second motion to compel will be granted.

13  **II.     Defendants' Motion for Summary Judgment**

14       It is clear that more time is needed to complete discovery.  The motion for summary

15  judgment therefore will be denied without prejudice to its renewal after discovery has been

16  completed.  *See* Fed. R.Civ.P. 56(f) (when more time for discovery is need to oppose

17  motion for summary judgment, motion may be denied).

18  **III.    Plaintiff's Motion for Leave to Amend**

19       Plaintiff has moved to amend the complaint to add a supplemental state law

20  negligence claim.  He has not provided the proposed amended complaint as required by

21  Local Rule Civ. 10-1.  The motion will be denied.

22       Plaintiff should note that if he attempts to amend he must both provide the proposed

23  amended complaint as required by the local rule and that the amended complaint would

24  completely replace the existing one, so must contain all the claims he wishes to assert.

25  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  That is, it is not sufficient to

26  simply say "this is what I want to change" and provide the proposed new portions of the

27  complaint.

28  ///

**United States District Court**
For the Northern District of California

**IV.    Service**

In an order entered on June 29, 2007, the court granted plaintiff's request to again attempt service on defendants MTA Mathews and Dr. Gibbs.  Plaintiff had provided an address for Mathews in Fresno and said that the litigation coordinator at Salinas Valley State Prison had agreed to accept service for Gibbs.  Both summonses were returned with notations that the defendants were not to be found at the address served.  The clerk declined plaintiff's request for entry of default against Gibbs because he had not been served.

The marshal will be requested to employ the procedure for locating California Department of Corrections and Rehabilitation employees or former employees and to again attempt service.

**CONCLUSION**

1.  Plaintiff's motion to compel (document number 60 on the docket) is **GRANTED**. In order to bring some order to the discovery issues, defendants shall provide amended and supplemented answers to *all* the interrogatories propounded by plaintiff, the answers to supercede all previous responses, the idea being that all of their responses then can be found in one place.  Defendants should note that they are required by this order to answer plaintiff's request for production of documents.

This requirement to respond to discovery is, however, **STAYED** for the referral for settlement set out below.  If the case is not settled, defendants shall provide the discovery responses within thirty days of Judge Vadas' report that the case has not been settled.

2.  Defendants' motion for summary judgment (document number 39) is **DENIED** without prejudice.

3.  The marshal is asked to employ the established procedures for locating CDC employees or ex-employees, including contacting the litigation coordinator at Pelican Bay State Prison, and, if that is unsuccessful, the Liability Response Unit at the CDC in Sacramento, to find an address at which defendants MTA C. Mathews and Dr. Randolph Gibbs, both formerly employed at Salinas Valley State Prison, can be served.  If such

3

United States District Court

For the Northern District of California

1   addresses are found, the clerk shall again issue summonses for these defendants and the

2   marshal shall serve them.  If summonses are issued, the clerk shall provide copies of the

3   amended complaint to be served with the summonses.  Service shall be attempted without

4   regard to the stay for settlement.  If service is achieved, however, the obligation of the new

5   defendants to move or answer is stayed, pursuant to paragraph five below, until further

6   order of the court.

7        The clerk shall provide a copy of this order to the Marshal.

8        4.  Plaintiff's motion for an extension of time to file a supplemental opposition to the

9   motion for summary judgment (document number 55) is **DENIED** as moot.  His motion for

10  leave to amend (document number 64) is **DENIED** for the reasons set out above.

11       5.  The court has established a Pro Se Prisoner Mediation Program in which certain

12  prisoner civil rights cases are referred to a neutral magistrate judge for mediation.  One or

13  more conferences are conducted at the plaintiff's prison.

14       This case is referred to Magistrate Judge Vadas pursuant to the Pro Se Prisoner

15  Mediation Program.  The proceedings shall take place within forty-five days of the date this

16  order is entered.  Magistrate Judge Vadas shall conduct mediation proceedings and file a

17  report thereafter.  The proceedings are confidential and no statement made therein will be

18  admissible in any proceedings in the case, unless the parties otherwise agree.  In view of

19  the referral, further proceedings in this case are **STAYED** with the exception noted above

20  for service.  If the case is not settled, the court will enter a new scheduling order.  The clerk

21  shall mail a copy of this order to Magistrate Judge Vadas in Eureka, California.  In view of

22  the size of the file, transmission of it to Judge Vadas shall be arranged informally by staff.

23       **IT IS SO ORDERED.**

24  Dated:  September 25, 2008.        _____

25                                         PHYLLIS J. HAMILTON
                                           United States District Judge

26

27

28  G:\PRO-SE\PJH\CR.06\FOSSELMAN375.MSJ.wpd