UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORENZO FOSSELMAN JR.,

    Plaintiff,

    v.

RANDOLPH GIBBS, M.D.; ALLISON BRAGER; C. KATES, LVN; CHARLES DUDLEY LEE, M.D., Health Care Manager; and C. MATHEWS, MTA,

    Defendants.
    _____/

No. C 06-0375 PJH (PR)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RECONSIDER; REFERRAL OF SANCTIONS QUESTION TO MAGISTRATE JUDGE**

    This is a civil rights case filed pro se by a state prisoner. On October 1, 2009, the court denied plaintiff's motion for sanctions because he had not filed a reply to dispute defendants' representation that all discovery had been provided. Plaintiff's request to deny the motion for summary judgment or stay ruling on it was denied because he did not explain how the discovery he contemplated would prevent entry of summary judgment.

    The court subsequently granted plaintiff's motion for leave to file a motion to reconsider, ordered the motion to reconsider to be filed, and ordered defendants to either oppose the motion or file a notice of non-opposition. The have filed a notice of non-opposition.

    Plaintiff has established that at the time of the ruling on the motion for sanctions he did not have his legal materials, they having been lost by the department of corrections, and thus was unable to determine whether defendants' contention that they had complied with the court's order for discovery was correct. He says that the discovery still has not been provided. The motion for reconsideration (document number 96) is **GRANTED** as to the ruling on the motion for sanctions.

Although the statement of non-opposition from defendants might be taken as a concession that sanctions are appropriate, the court will leave that question open and refer the motion to a magistrate judge. The denial of the motion for sanctions is **VACATED**. The motion for sanctions (document number 86) is **REFERRED** to Magistrate Judge Nador Vadas to determine if the motion should be granted, and if so, what sanctions should be imposed. The referral does not affect submission of the motion for summary judgment.

Plaintiff's motion to deny the motion for summary judgment or to delay ruling on it was based on his contention that he needed more time for discovery. He still has not shown how the information he seeks would prevent entry of summary judgment, but only says that he has not yet received the discovery that is the subject of the motion for sanctions. That is not enough. *See Margolis v. Ryan*, 140 F.3d 850, 853-54 (9th Cir. 1998) (party making a Rule 56(f) motion must make clear "what information is sought and how it would preclude summary judgment."). The motion to reconsider (document number 96) is **DENIED** as to the Rule 56(f) motion.

The clerk shall provide a copy of this order to Magistrate Judge Vadas.

**IT IS SO ORDERED.**

Dated: March 2, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.06\FOSSELMAN375.RECON-grant-refer.wpd