FILED
MAR 18 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORENZO FOSSELMAN JR.,

    Plaintiff,

v.

RANDOLPH GIBBS, M.D.; ALLISON BRAGER; C. KATES, LVN; CHARLES DUDLEY LEE, M.D., Health Care Manager; and C. MATHEWS, MTA,

    Defendants.
    _____/

No. C 06-0375 PJH (PR)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

    This is a civil rights case filed pro se by a state prisoner. The defendants who have been served, Lee, Kates, and Brager, who hereafter will be referred to as "defendants," filed a motion for summary judgment. Plaintiff has opposed the motion, and defendants have filed a reply. The motion is ready for decision.

## BACKGROUND

    Plaintiff was diagnosed with an inguinal hernia on July 30, 2003. He did not receive hernia surgery until August 31, 2004. The surgery was performed at Corcoran State Prison instead of at Salinas Valley, where plaintiff was housed, because Salinas Valley lacked the facilities to perform it. Plaintiff contends that defendants Lee, Kates and Brager were deliberately indifferent to his serious medical need for the surgery in that they failed to ensure that it occurred promptly.

## DISCUSSION

**A.    Standard of Review**

    Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

**B.   Analysis**

    **1.   Eighth Amendment Medical Care Claims**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

2.  **Analysis**

It is undisputed that plaintiff had a serious medical need for the hernia surgery. Defendants contend, however, that they were not deliberately indifferent to that need.

The defendants have provided the following chronology of events, which is not disputed by plaintiff: The hernia was diagnosed at Salinas Valley State Prison ("SVSP") on July 30, 2003. On September 18, 2003, it was determined that surgery was needed. On December 30, 2003, plaintiff was transferred to the Santa Clara County Jail. He had not had the surgery. On February 25, 2004, he was transferred to San Quentin State Prison. He was transferred to SVSP on March 17, 2004. The same day Dr. Gibbs examined him and submitted a request for surgical treatment. On April 18, 2004, plaintiff filed an administrative appeal asking for the surgery. On May 21, Gibbs saw plaintiff again and submitted an urgent request for approval of surgery. On May 25, 2004, the surgery was approved, but as routine rather than urgent. On July 28, 2004, defendant Kates interviewed plaintiff in order to respond to his administrative appeal. On August 26, 2004, defendant Lee reviewed plaintiff's appeal of his grievance to the second level. He approved the surgery. The surgery occurred at Corcoran State Prison at the end of August, 2004.

a.  **Defendant Brager**

Plaintiff has not opposed the motion for summary judgment as to Brager. Her unopposed affidavit establishes that she did not know of plaintiff's medical condition until

3

after he received the surgery. Decl. Brager ¶ 3. Her motion will be granted.

### b. Defendant Lee

Dr. Lee is the Health Care Manager at Salinas Valley State Prison. In his declaration he says that he did not become aware of plaintiff's condition until he reviewed his administrative appeal (grievance) on August 26, 2004. Decl. Lee ¶ 3. Plaintiff contends that there is a genuine issue of material fact as to this point based on Lee's answer to an interrogatory. Opp'n at 4-5. The interrogatory to which he refers reads as follows:

> INTERROGATORY NO. 6:
> (a) Please describe for the record how many times and by how many different physicians, nurses, or medical staff, were you alerted that I needed surgery repair, between July '03 and August 30th 2004?
> (b) Please state the dates, names and titles of all persons present at these meetings.

Decl. Fosselman Ex. C at 2-3. In response to this question, Lee answered: "(a) None to my knowledge," and in response to subsection (b), gave a list of the medical visits plaintiff had with various doctors regarding the hernia, apparently drawn from his medical records. *Id.* Contrary to plaintiff's contention, the answers to this interrogatory do not establish that Lee knew of the hernia before August 26, 2004, and indeed support his contention that he did not, since he says that no one alerted him to the need for surgery in the relevant time period.

To establish deliberate indifference in a prison medical care context a plaintiff must show that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). *Id.* Here it is undisputed that Lee became "aware of the facts" of plaintiff's case on August 26, 2004, and that surgery was performed on August 31, 2004, at another prison. In light of these facts, defendant could not have been deliberately indifferent, and he is entitled to judgment as a matter of law.

///

///

4

### c. Defendant Kates

It is undisputed that the only involvement of defendant Kates was as the Licensed Vocational Nurse who reviewed plaintiff's administrative appeal (grievance) about the delay in obtaining the hernia surgery. Dec. Kates at 1. She says in her declaration that she first learned of plaintiff's problem on July 28, 2004, when she interviewed him about his grievance, and that she hand-carried his request for the surgery to the Medical Authorization Review Committee ("MARC") that same day. *Id.* at ¶ 3. Under the standard for deliberate indifference discussed above, plaintiff cannot prevent entry of summary judgment unless he can show a genuine issue of fact as to these points. If Kates was not aware of the problem for most of the period of the delay and if she took immediate steps to obtain the surgery for him upon learning of the need, she was not deliberately indifferent to it.

Plaintiff contends that there is a genuine issue of fact as to when Kates learned of the problem, relying on an interrogatory answer. He contends that Kates "admitted to becoming aware of plaintiff's hernia condition after he submitted his grievance on <u>4-15-04</u>," and that this refutes her contention she did not learn of it until July 28, 2004. Opp'n at 5. His contention that this answer generates a genuine issue of fact is, of course, incorrect; that she concedes having learned of his condition "after" he filed the grievance is in no way inconsistent with her learning of it from investigating the grievance on July 18.

Because there is no genuine issue of material fact (1) as to when Kates became aware of plaintiff's need for surgery; and (2) as to her having alerted the MARC to his need, her motion for summary judgment will be granted.

### CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is **GRANTED**. Plaintiff's claims against the unserved defendants are **DISMISSED** without prejudice for failure to obtain service. *See* Fed. R.Civ.P. 4(m).

The grant of summary judgment does not deprive the court of jurisdiction over the collateral sanctions issue referred to Magistrate Judge Vadas. *See Heinrichs v. Marshall*

*and Stevens Inc.*, 921 F.2d 418, 420-21 (2d Cir. 1990) (holding that the Supreme Court's decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394-95 (1990), compels the conclusion that a district court retains jurisdiction to impose discovery sanctions under Fed. R.Civ.P. 37 after grant of summary judgment); *see also In re Exxon Valdez*, 102 F.3d 429, 431 (9th Cir. 1996) (Rule 37 sanctions collateral; citing *Heinrichs*). The referral for further proceedings on that matter remains in full effect.

The clerk shall close the file and forward a copy of this order to Magistrate Judge Vadas.

**IT IS SO ORDERED.**

Dated: March 18, 2010.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\FOSSELMAN375.MSJ-grant.wpd