IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

LORENZO FOSSELMAN JR.,

    Plaintiff,

v.

RANDOLPH GIBBS, M.D.; ALLISON BRAGER; C. KATES, LVN; CHARLES DUDLEY LEE, M.D., Health Care Manager; and C. MATHEWS, MTA,

    Defendants.

No. CV 06-0375 PJH

**ORDER FOR ADDITIONAL BRIEFING BY DEFENDANTS**

    This is a civil rights case filed pro se by a state prisoner. Plaintiff filed a motion for sanctions (Document 86), asserting that Defendants failed to comply with discovery orders, which was denied on October 1, 2009 (Document 93). Plaintiff filed a motion for reconsideration (Document 96) which was granted on March 2, 2010 (Document 102). The denial of the motion for sanctions was vacated and determination on the motion for sanctions was referred to Magistrate Judge Nandor Vadas.

    Previously the district court had granted two motions to compel discovery by Plaintiff. The first motion was granted on March 18, 2008 (Document 52). In that order, the district court detailed the defects in Defendants' responses to Plaintiff's interrogatories. The court ordered Defendants to provide proper responses to: Allison Brager interrogatory one, the first sentence of Allison Brager interrogatory two, and subpart b of that interrogatory; C. Kates interrogatories one, four, five, six, and the first sentence and subsection b of C. Kates interrogatory two; and Dudley Lee interrogatories one, two, four and six. The court ordered responses to these interrogatories and to Plaintiff's request for production of documents within 30 days by April 17, 2008.

United States District Court
For the Northern District of California

1    Plaintiff's second motion to compel was granted on September 25, 2008 (Document 68). The
2 district court noted that in their opposition Defendants admit some of their answers were intended
3 for a different case with a different plaintiff. Defendants improperly attempted to correct their
4 interrogatory responses in their opposition. Defendants also did not address their failure to respond
5 to Plaintiff's request for production of documents. The court ordered Defendants to respond to
6 Plaintiff's request for production of documents and to provide amended and supplemented answers
7 to all interrogatories.

8    On July 20, 2009, Plaintiff filed the current motion for sanctions citing Defendants' failure to
9 comply with these court orders. Plaintiff claimed he had not received any response from Defendants
10 regarding discovery, despite the passing of the Court's deadline (Document 72). After being ordered
11 by the Court to respond (Document 88), Defendants filed their reply on August 10, 2009 (Document
12 89) claiming the only outstanding discovery they were aware of was Plaintiff's Second Request for
13 Admissions, which was served on July 29, 2009. Because Plaintiff did not respond, the court
14 initially denied Plaintiff's motion for sanctions (Document 93). In his motion to reconsider, Plaintiff
15 claims his case files were lost or misplaced by prison officials. Plaintiff also alleges that Defendants
16 misrepresented facts citing their failure to provide any document or affidavit declaring their
17 compliance with previous court orders. Defendants filed a statement of non-opposition to the
18 motion for reconsideration (Document 101). The court granted the motion to reconsider and vacated
19 the order denying the motion for sanctions (Document 102).

20    It is unclear from the record to what extent Defendants have complied with the court's
21 previous orders. Defendants' response to Plaintiff's motion for sanctions does not provide any
22 evidence that they have amended and supplemented answers to all interrogatories, as required by the
23 September 25, 2008 order compelling responses. Also, Defendants' statement of non-opposition to
24 the motion to reconsider does not address Plaintiff's allegation that Defendants have misrepresented
25 facts regarding their compliance with court orders.

26    Defendants are **ORDERED** to submit additional briefing detailing their compliance with the
27 court's discovery orders. Defendants must demonstrate, through proof of service or other
28 documentation, that they amended and supplemented their interrogatory responses and responded to

1  requests to produce documents, as ordered.  Defendants shall respond within 14 days by April 1,
2  2010, or the Court will interpret Defendants' failure to respond as a concession that Defendants
3  failed to comply with discovery orders and are subject to sanctions.

**IT IS SO ORDERED.**

Dated:  March 18, 2010

NANDOR J. VADAS
United States Magistrate Judge