IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| LORENZO FOSSELMAN JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>RANDOLPH GIBBS, M.D.; ALLISON BRAGER; C. KATES, LVN; CHARLES DUDLEY LEE, M.D., Health Care Manager; and C. MATHEWS, MTA,<br><br>    Defendants._____/ | No. CV 06-00375 PJH (NJV)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS** |

    This is a civil rights case filed pro se by a state prisoner. On March 18, 2008 and September 25, 2008, the court granted Plaintiff's two motions to compel discovery (Documents 52 & 58). On July 20, 2009, Plaintiff filed a motion for sanctions asserting that Defendants failed to comply with these discovery orders, which was denied (Document 93). On October 29, 2009, Plaintiff filed a motion for reconsideration, which was granted (Document 102). The denial of the motion for sanctions was vacated and determination on the motion for sanctions was referred to Magistrate Judge Nandor Vadas. On March 18, 2010, Defendants were granted summary judgment with the district court preserving this Court's jurisdiction over the sanctions motion (Document 103).

    On March 18, 2010, Defendants were ordered to submit additional briefing by April 1, 2010 detailing their compliance with previous discovery orders (Document 106). Additional briefing was required because Defendants' responses to Plaintiff's motion for sanctions and motion for reconsideration were inadequate to determine their compliance with the court's discovery orders. Defendants have not responded and have failed to meet the requirements of this order. As the order

provided, Defendants' failure to respond is interpreted as a concession that Defendants have not complied with the court's discovery orders and are subject to sanctions.

Under Federal Rule of Civil Procedure 37(b)(2), the court must order a party who fails to obey a discovery order to pay reasonable expenses, including attorney fees, incurred by the other party as a result of this failure to the other party. Sanctions may be avoided if the noncomplying party can show the failure was substantially justified or other circumstances make an award of expenses unjust. Defendants have conceded that they have not complied with two orders compelling discovery and have provided no evidence that this noncompliance was substantially justified, despite multiple opportunities to do so.

The decision to impose sanctions under Rule 37 is at the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976); *Forro Precision, Inc. v. IBM,* 673 F.2d 1045, 1053 (9th Cir. 1982). Plaintiff requests reasonable attorney fees, but this is inappropriate as Plaintiff is proceeding pro se. *Kay v. Ehrler,* U.S. 432, 435 (1991). Plaintiff also requests that the Court order Defendants to pay the Court $100.00 per day until they comply with the discovery orders. Under Rule 37(b), Plaintiff is only entitled to "reasonable expenses," which includes actual costs incurred as a result of misconduct, and not consequential damages. *See Lee v. Walters,* 172 F.R.D. 421, 436 (D. Or. 1997). Plaintiff's entitlement to reasonable expenses is limited to those caused by Defendants' noncompliance with the first and second discovery orders (Document 52 & 58). This includes Plaintiff's actual costs incurred in bringing his second motion to compel (Document 60), reply for the second motion to compel (Document 67), his motion for sanctions (Document 86), and his motion for reconsideration (Document 96). Reasonable expenses do not include actual costs incurred in bringing Plaintiff's first motion to compel (Document 28), which was prior to Defendants' noncompliance with the court's discovery orders. *See Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381, 1386 (9th Cir. 1988).

The Court **GRANTS** Plaintiff's motion for sanctions and **ORDERS** Plaintiff to outline all actual costs associated with bringing the various motions described above by April 21, 2010. Actual costs associated with bringing these motions include costs such as photocopying and postage. Plaintiff is instructed to provide the information in the document attached to this order to account for

1  actual costs.  If Plaintiff does not submit his actual costs by April 21, 2010, the Court will interpret
2  this as Plaintiff's statement that he did not incur any reasonable expenses as a result of Defendants'
3  noncompliance.  Defendants are **ORDERED** to pay all costs determined to be reasonable expenses
4  as a result of their noncompliance with the court's discovery orders.

7  **IT IS SO ORDERED.**

10 Dated:  April 7, 2010

NANDOR J. VADAS
United States Magistrate Judge

# PLAINTIFF'S ACTUAL COSTS

1) Second Motion to Compel       Photocopying: $_____    Postage: $_____
   (Document 60)

                                 Other (describe): $_____  _____

                                 _____

2) Reply to Second Motion to Compel   Photocopying: $_____   Postage: $_____
   (Document 67)

                                 Other (describe): $_____  _____

                                 _____

3) Motion for Reconsideration    Photocopying: $_____    Postage: $_____
   (Document 86)

                                 Other (describe): $_____  _____

                                 _____

4) Motion for Sanctions          Photocopying: $_____    Postage: $_____
   (Document 96)

                                 Other (describe): $_____  _____

                                 _____