UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>RANDOLPH GIBBS, et al.,<br><br>  Defendant. | Case No.: 4:06-cv-00375-PJH<br><br>**ORDER GRANTING IN PART MOTION TO ENFORCE**<br>**(Doc. No. 129)** |

Plaintiff Lorenzo Fosselman filed a "Motion for Administrative Relief to Enforce a Court Order for Sanctions" (Doc. No. 129), which the district court referred to the undersigned (Doc. No. 130). For the following reasons, the court GRANTS IN PART Plaintiff's motion.

**BACKGROUND**

In the course of prosecuting his *pro se* civil rights action, Plaintiff filed two motions to compel discovery. The district court granted these motions in March and September 2008. *See* Doc. Nos. 52 and 68. The following year, Plaintiff filed a motion for sanctions, arguing that Defendants had failed to supplement their discovery responses as required by the district court's orders. Doc. No. 72. The district court initially denied the motion for sanctions, but then granted Plaintiff's motion for reconsideration and vacated its prior order. Doc. No. 102. The district court referred the motion for sanctions to the undersigned. The district court granted summary judgment to Defendants but specifically noted that its order did not deprive the undersigned of jurisdiction to decide the pending motion for sanctions. Doc. No. 103 at 5-6.

The undersigned ordered Defendants to submit additional briefing detailing their compliance with the district court's discovery orders. Doc. No. 106. When Defendants did not submit any additional briefing, the undersigned granted Plaintiff's motion for sanctions. Doc.

No. 108 (April 7, 2010 Order) at 2 ("Defendants' failure to respond is interpreted as a concession that Defendants have not complied with the court's discovery orders and are subject to sanctions"). The undersigned ordered Plaintiff to outline all the actual costs he incurred in bringing the second motion to compel and reply thereto, the motion for reconsideration, and the motion for sanctions. *Id.*

The day after the undersigned filed the order granting Plaintiff's motion for sanctions, Defendants filed a request for leave to file a motion for reconsideration with the district court. Doc. No. 109. In their request, Defendants describe the "mistake and inadvertence" that led them to "for some unexplainable reason" overlook the undersigned's order for further briefing. Doc. No. 110. The district court found that Defendants' representations did not establish a ground for reconsideration and denied Defendants' request. Doc. No. 116 (Nov. 10, 2010 Order).

The undersigned's order granting Plaintiff's motion for sanctions unequivocally "ORDERED [Defendants] to pay all costs determined to be reasonable expenses." Doc. No. 108. In response to the undersigned's order, Plaintiff identified $432.60 he incurred in reasonable costs, including photocopying and postage costs, as well as the cost of typewriter ribbon and funds paid to his jailhouse lawyer. Doc. No. 112; *but see* Doc. No. 129 (only requesting $385.60). Plaintiff served his statement of costs on April 19, 2010, but the document was not filed until April 23, 2010. The statement of costs was timely submitted.

Plaintiff appealed the order granting summary judgment. On May 22, 2012, the Ninth Circuit affirmed the district court's order. Doc. No. 126. On August 20, 2012, Plaintiff filed his motion for administrative relief, alleging that Defendants had failed to pay him the reasonable expenses and costs awarded by the undersigned, and requesting $385.60 plus interest. Doc. No. 129. When Defendants failed to oppose that motion, the undersigned issued an order requiring Defendants' attendance at a hearing and requiring the parties to address specific issues in advance of the hearing. Doc. No. 132. The parties submitted additional briefing. Doc. Nos. 138 & 141. A hearing was held on November 13, 2012 and the court took the matter under submission.

**DISCUSSION**

This court ordered Defendants to pay all reasonable costs Plaintiff incurred in connection with certain motions. Doc. No. 108. Although the court's order was intended to be self-executing, Defendants did not pay any of the costs Plaintiff initially identified. Plaintiff failed to bring this to the court's attention until several years had elapsed. By that time, Defendants had obtained new counsel in connection with Plaintiff's appeal.

Defendants' new counsel has had the opportunity to research all of the charges that Plaintiff claims as reasonable costs in his motion, and contends that none of the charges is in fact reasonable. First, Defendants argue Plaintiff did not pay any copying, postage or typewriter ribbon charges because CDCR pays those fees for indigent inmates and does not seek reimbursement from them. Doc. No. 139 (Declaration of Amanda Canaris) at ¶¶ 8-10 & Exs. A-B. Defendants contend that the only copying and postage charge which Plaintiff paid amounted to $1.30, but it is not clear whether the charge was incurred in connection with this matter or one of the other matters Plaintiff was involved in during this time period. *Id.*, ¶¶ 7 & 10. Second, Defendants argue that Plaintiff did not accrue any canteen charges during the period at issue. *Id.*, ¶ 11. Third, even if he had accrued canteen charges and used those as payment for services rendered by his jailhouse lawyer, Defendants argue that it is against CDCR regulations for jailhouse lawyers to receive "any form of compensation from the inmate assisted." Cal. Code Regs. tit. 15, § 3163. Thus, if Plaintiff did use canteen purchases to compensate his jailhouse lawyer, these costs could not be considered "reasonable" under the court's prior order.

After reviewing Defendants' contentions, the court ordered Plaintiff to detail all of the out-of-pocket costs he actually incurred. Doc. No. 140. Plaintiff states that he incurred a total of $51.20 for typing ribbons in connection with the relevant motions; a total of $51.20 for correction tape in connection with the relevant motions; and a total of $112 for jailhouse lawyer research in connection with those motions. Doc. No. 141. At the November 13, 2012 hearing, Plaintiff explained that he obtained the typing ribbons and correction tape in packages sent by his family. The court finds that the typing ribbons and correction tape were a gift to Plaintiff. The court further finds that Defendants' actions forced Plaintiff to use these gifts to litigate this case. This

3

use of the gifted typing ribbons and correction tape amounts to a "reasonable cost" incurred by Plaintiff.  The undersigned thus concludes that Plaintiff incurred reasonable costs in the amount of $102.40, the cost of the typing ribbons and correction tape Plaintiff used in connection with the motions.  Any compensation that Plaintiff paid to jailhouse lawyers for research would not be permissible under CDCR regulations and thus would not be a "reasonable" cost.

The court recognizes that this matter has been complicated by the long period of time that has elapsed since Plaintiff first obtained an order for costs, and by the fact that defense counsel was assigned to this matter only on appeal.  Although these problems have made the parties' and the court's task in this matter more complicated than it otherwise would have been, the court is satisfied based on the supplemental briefing submitted by each party that all the relevant facts are on the record.

**CONCLUSION**

For the foregoing reasons, the court grants in part Plaintiff's motion to enforce sanctions and orders Defendants to pay to Plaintiff $102.40 within ninety (90) days of the date of this Order.  The court finds no authority for awarding interest on this amount under these circumstances, and denies any additional sanctions.

Dated:  November 20, 2012

_____
Nandor J. Vadas
United States Magistrate Judge